**Charles THOMAS, Plaintiff,**

**v.**

**William E. BROCK, Secretary of Labor, United States Department of Labor, Defendant.**

**William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**GLOBAL HOME PRODUCTS, INC., a corporation, d/b/a North Carolina Youth Team, Student Aid Program and Junior Opportunities; Fund Raiser Products, Inc., a corporation, d/b/a North Carolina Youth Team, Student Aid Program and Junior Opportunities; Gerald Winters; and Ronald Kelso, Defendants.**

Nos. C–C–84–290–M, C–C–84–444–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 23, 1985.

Charles R. Brewer, U.S. Atty., Asheville, N.C., Debra J. Stuart, Asst. U.S. Atty., Charlotte, N.C., Francis X. Lilly, Sol. of Labor, Washington, D.C., Bobbye D. Spears, Regional Sol., A.B. Cuviello, Atty., and William H. Berger, Atty., Office of Solicitor, U.S. Dept. of Labor, Atlanta, Ga., for Dept. of Labor.

Gerald A. Smith, Jr., Donald F. Mintmire and David T. Hooper, Barnett & Alagia, Nashville, Tenn., David B. Sentelle, Tucker, Hicks, Sentelle, Moon and Hodge, P.A., Charlotte, N.C., for Charles Thomas, Global Home Products, Inc., Fund Raiser Products, Inc., Gerald Winters and Ronald Kelso.

### ORDER

McMILLAN, District Judge.

Charles Thomas and Global Home Products, Inc., *et al.* have moved to strike the government's post-trial brief, or in the alternative, have moved to dismiss the suits for failure to join indispensable parties.

The court will deny the motions. The depositions tendered at the close of trial will be admitted for the limited purpose of providing background evidence as it relates to Global's organization in Charlotte, North Carolina, through Charles Thomas. Contrary to assertions, the court has not previously ruled on the admissibility of the depositions. The court will not dismiss the suit for failure to join additional parties. The court is not trying the cases of unnamed distributors across the country. If any injunction is issued, it will be directed against those parties now before the court and will not be directed against those distributors of Global who are not "employees." The inquiry under the law is too fact specific to allow a widespread conclusion on this record that *all* distributors are "employees" of Global.

The court will not consider the transcript of the related legislative hearings in 1984 before the Congressional Subcommittee on Children and Youth. This should have been introduced at trial so that the parties would have the opportunity to present evi-

dence on this point. The court declines to take judicial notice of the report as requested by the government. Therefore, the motion to strike will be allowed to this limited extent.

IT IS THEREFORE ORDERED that the motion to strike is GRANTED as related to the 1984 hearings before the Congressional Subcommittee on Children and Youth. The motions to strike and dismiss are DENIED in all other matters.